UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
THE TRUSTEES OF THE SOFT DRINK AND          ECF
BREWERY WORKERS UNION, LOCAL 812
RETIREMENT FUND,

                       Plaintiffs,          **COMPLAINT**

    - against -                               1:20-CV-  ()()

LTL DISTRIBUTORS, INC.,

                       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Plaintiffs, the Trustees of the Soft Drink and Brewery Workers Union, Local 812 Retirement Fund (the "Trustees"), by their attorneys, Cary Kane LLP, respectfully allege as follows:

## NATURE OF THE ACTION

      1.     This action is brought by the Trustees in their capacities as fiduciaries of the Local 812 Retirement Fund (the "Fund") against LTL Distributors, Inc. ("LTL") a former participating employer which owes the Fund withdrawal liability payments pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

## JURISDICTION

      4.     The jurisdiction of this court is invoked pursuant to Sections 502(a) and (e) and Sections 4301(a) and (c) of ERISA, 29 U.S.C. §§ 1132(a) and (e), 1451(a) and (c).

## VENUE

      5.     As the Fund is administered at 455 Northern Boulevard, Great Neck, New York, which is within the Eastern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

1

## THE PARTIES

6. The Fund is an "employee pension benefit plan," an "employee benefit plan" and a "multiemployer plan" as those terms are defined by Sections 3(2), 3(3) and 3(37), respectively, of ERISA, 29 U.S.C. §§ 1002(2), 1002(3) and 1002(37).

7. The Fund was established pursuant to an Agreement and Declaration of Trust (the "Trust Agreement"). The Trust Agreement provides, *inter alia*, that interest shall be charged on any amount of defaulted withdrawal liability from the date the payment was due to the date it is paid at an annual rate equal to the prime rate charged by the Chase Manhattan Bank, NA on the first day of the calendar quarter preceding the due date of the payment, with interest charged for each succeeding twelve (12) month period that any amount in default remains at the prime rate in effect on the anniversary date of the date as of which the initial interest rate was determined. The Trust Agreement provides further than, in the event litigation is commenced to collect unpaid withdrawal liability, the defaulted employer shall also be liable for liquidated damages in an amount equal to the greater of (i) the amount of interest charged on the unpaid balance, or (ii) the maximum legal rate of interest permitted by law on the unpaid amount awarded, as well as attorney's fees and all costs, incurred in the action, as awarded by the Court.

8. Plaintiff Trustees have been, at all times material hereto, the "plan sponsors" of the Fund, as that term is defined by Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B). The Trustees are "fiduciaries" of the Fund, as that term is defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

9. LTL was, at all times material hereto, an "employer," as that term is defined by Section 3(5) of ERISA, 29 U.S.C. §1002(5), with offices currently located, upon information and belief, at 650 Brush Avenue, Bronx, New York.

## **RELEVANT FACTS**

10. Effective March 1, 2013, LTL permanently ceased to have an obligation to make contributions to the Fund, causing a complete withdrawal from the Fund within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a). As a result, LTL incurred withdrawal liability within the meaning of Section 4201 of ERISA, 29 U.S.C. § 1381, *et seq*.

11. The Trustees requested that the Fund's actuary determine, pursuant to Section 4213 of ERISA, 29 U.S.C. § 1393, the withdrawal liability owed by LTL to the Fund. The Fund's actuary determined LTL's withdrawal liability to be $30,772.00.

12. Pursuant to Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1), and, by letter dated April 14, 2015 which was sent via UPS, the Fund notified LTL that withdrawal liability was due to the Fund in the amount of $30,772.00 and demanded payment of withdrawal liability in quarterly payments of $2,066.75 each, with the first payment due no later than sixty days after the date of the letter (*i.e.*, June 13, 2015) (the "Beginning Date") and subsequent payments due every three months beginning on July 1, 2015, until a total of sixteen (16) payments had been made, at which time a final quarterly payment of $1,344.09 was due.

13. Notwithstanding the foregoing, LTL failed to remit the first quarterly payment due by the Beginning Date.

14. By letter dated June 23, 2015, which was sent via UPS, LTL was advised by the Fund that LTL had failed to either pay its obligation in full or begin remitting quarterly installments on the Beginning Date. LTL was further advised that if the company failed to cure its default within sixty (60) days of the letter, LTL would become liable for the entire amount of the unpaid withdrawal liability.

15. Notwithstanding the foregoing, LTL made a minimal number of payments towards its withdrawal liability. Specifically, the Fund received two payments of $350 each on or around February 6, 2017, payments of $400 and $450 on or around March 15, 2017, three payments of $300 each on or around September 22, 2017, a payment of $300 on or about September 29, 2017 and four payments of $275 each on or about January 22, 2018, for a total payment of $3,850.

16. By letter dated August 15, 2018, which was sent by Certified Mail, Return Receipt Requested, LTL was advised by the Fund that it had failed to remit quarterly installment payments and that the amount in default was $10,617.32. LTL was advised once again that if the company failed to cure its default within sixty (60) days of the letter, LTL would become liable for the entire amount of the unpaid withdrawal liability.

17. Notwithstanding, LTL failed to make any additional payments to the Fund towards its withdrawal liability obligation.

18. LTL failed to request review of any specific matter related to the determination of withdrawal liability or identify any inaccuracy in the determination of unfunded vested benefits in accordance with Section 4219(b)(2) of ERISA, 29 U.S.C. §1399(b)(2).

19. LTL failed to initiate arbitration of the withdrawal liability assessment as permitted by Section 4221(a) of ERISA, 29 U.S.C. §1401(a).

20. LTL has failed to cure its default by remitting payment of its outstanding withdrawal liability.

21. Section 17.4(d)(II) of the of the Soft Drink and Brewery Workers Union Local 812 Retirement Fund Agreement and Declaration of Trust (the "Trust Agreement") provides that, in the event of a default in payment of withdrawal liability, interest shall be charged on any

amount in default from the date the payment was due to the date it is paid at the rate set by the Trustees from time to time for purposes of delinquent contributions.

22. Section V of the Fund's Statement of Policy for Collection of Employer Contributions (the "Policy") provides that interest shall accrue on contributions that are outstanding for more than 180 days from the date due through the date of payment at the rate of eighteen (18%) percent per annum.

23. Section 17.4(e) of the Trust Agreement provides that in any action by the Trustees to collect withdrawal liability, if judgment is awarded in favor of the Fund, the delinquent employer shall also be liable for liquidated damages and attorneys' fees and costs incurred by the Fund in the action.

24. As a result of its failure to cure its default, and, in accordance with the terms of the Trust Agreement and the Policy, LTL is now liable to the Fund for the remaining amount of its withdrawal liability, together with interest accrued thereon, in the amount of $51,659.68.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST LTL FOR FAILURE TO REMIT PAYMENT OF WITHDRAWAL LIABILITY**

25. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 24 as if set forth fully herein.

26. As a result of its default and, pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), and the terms of the Trust Agreement, LTL is now obligated to pay the Fund the remaining amount of its withdrawal liability, together with interest accrued to date thereon, in the amount of $51,659.68.

27. Pursuant to Sections 502(g)(2), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b), and the Trust Agreement, LTL is also liable to the Fund for

5

interest that continues to accrue on the foregoing amount, liquidated damages, the costs of collection and attorneys' fees.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against LTL, awarding the Fund:

(a) unpaid withdrawal liability in the amount of $51,659.68, as provided by ERISA Sections 502(g)(2)(A), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(A), 1145 and 1451(b);

(b) interest which continues to accrue on the unpaid withdrawal liability through the date payment is made at the rate of eighteen (18%) percent per annum, as provided in the Trust Agreement and by ERISA Sections 502(g)(2)(B), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1145 and 1451(b);

(c) liquidated damages, as provided in the Trust Agreement and by ERISA Sections 502(g)(2)(C), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C), 1145 and 1451(b);

(d) reasonable attorneys' fees and the costs of this action, as provided in the Trust Agreement and by ERISA Section 502(g)(2)(D), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D), 1145 and 1451(b); and

(e) such other and further relief as the Court deems appropriate.

Dated: New York, New York
      May 20, 2020

                                            CARY KANE LLP

                                            _____/s/_____
                                            By: Owen M. Rumelt
                                            *Attorneys for Plaintiffs*
                                            1350 Broadway, Suite 2220
                                            New York, New York  10018
                                            (212) 868-6300